Thank you very much, Your Honor. May it please the Court, I am Paul Irish, attorney for Appellant Anthony Martinez. The simultaneous trial that was conducted in this case rendered the trial fundamentally unfair and violated Mr. Martinez's Fifth Amendment rights to due process a fair trial, and especially when that is coupled with the prosecutorial misconduct where they diluted, the prosecutor, in her closing argument, diluted the standard of proof that the jury would have to reach its decision by, and also vouched for certain witnesses. And this, the simultaneous trial, related to – How was the vouching issue preserved? There was no objection made to the vouching issue. I would assert that there was an ineffective assistance to counsel. Wait a minute. There's no objection made to the vouching. In other words, did you object at the time of the statement by the prosecutor? There was no objection made at the time of the statement by the prosecutor. All right. Very well. Mr. Martinez was represented by two different attorneys in separate – which was kind of an unusual situation, but two different attorneys on these separate cases. One attorney representing him on the shooting case, the other attorney representing him on the robbery case. So I guess the question is, is it procedurally barred? My argument would be that it is not, based on the court can still review it, exercise federal review, based on the ineffective assistance to counsel, there's no tactical decision that would be logically present as to why an objection was not made, that the prejudice – showing a cause, an actual prejudice under the Federal cases has to be made, and that the prejudice worked to actual and substantial disadvantage to Mr. Martinez infecting the trial with error of constitutional dimensions under U.S. v. Frady, and also that it would result, based on this coupled with the simultaneous trial of the two cases, would result in a miscarriage of justice, and that, therefore, the procedural default should be excused. The Third District Court of Appeal, the State court of appeal that issued this decision did not address the Federal constitutional claims. They merely addressed the solely on State grounds. Their conclusions, as reflected in the – their decision, were that there was no abuse of discretion and that that – the references were to – specifically to State statute statutory provisions relating to consolidation of cases, and also the cases that they cited were all California cases, interpreting those specific California statutory provisions regarding consolidation of cases. So there was no Federal or California – in fact, no California, but no Federal references to any Federal constitutional issues. Also, the review of the State appellate court was based on the state of the record at the time the motions were made, which was approximately nine months prior to the commencement of the actual trial in this case, and was not on an assessment of the unfairness of the – of the Federal review of the due process claim here, because the State court would have had to separately review that claim, that the trial was unfair and violated due process based on what actually happened at the trial. Why is that a merits decision? Well, I think it goes to whether that this Court should – let me get closer to the motion under Cone v. Bell that this Court should exercise de novo review of the trial itself and the evidence presented at the trial in determining the – whether there was a fundamental unfairness in the trial and whether Mr. Martinez's due process rights were therefore violated. No, I understand that, but I mean, your point goes to a different issue, which is whether or not the State court issued a merits decision. I mean, they may have gotten it wrong by just relying on the evidence that was in the record at the time the motion was made, but why is it not a merits decision regardless? They did not. My – I know your argument is they didn't consider what happened at trial. Correct. But they still made a decision on the merits. They made a decision on the propriety of the judge's ruling on the consolidation of the cases nine months prior – nine months prior to the actual trial commencing. They didn't make a decision on the – I apologize. Go ahead. No, no. They didn't make a decision on the merits of the actual evidence that was presented at the trial, which would go to whether Mr. Martinez's trial was fundamentally unfair based on the simultaneous trial of these two unrelated cases whatsoever and the prosecutorial misconduct that was involved. But we're here on AEDPA review, right? Correct. And what Supreme Court case is being violated by what the State court did? I'm contending that they – that they can – you can exercise a de novo review under Cone v. Bell based upon evaluating – because there was not a decision on the merits relative to the trial itself, that you can make a de novo review as to whether Mr. Martinez's trial was fundamentally unfair. This is on the rights of – the rights of sever issue. The severance issue. Correct. Right. What about Running Eagle? I'm sorry? What about Running Eagle, the case, Running Eagle? I'm not acquainted with that case. All right. I don't believe it was cited. All right. The other thing I'd bring up that was brought up in our briefing, but that why this was not decided on the merits, and therefore, this Court still can make a de novo review of the – whether there was a fair trial and Mr. Martinez's due process claim, because the – significantly, there was obviously, because the defenses that were going to be presented weren't postured at the hearing on the motions to consolidate. The defenses that were presented at the trial were completely in apposite. They weren't – they were completely different to it that in the shooting case, the defense that was presented at the trial was a state of mind defense, whether Mr. Martinez was aiding and abetting in the discharge of the firearm by the co-defendant, Mr. Brown. And in the robbery case, the defense was totally that Mr. Martinez wasn't even present at the time. And therefore, the consolidation of those two cases, these simultaneously trying those two cases, impacted on that and rendered the trial fundamentally unfair, coupled with – which obviously wasn't part of the Court's decision relative to the motion to consolidate, because it hadn't taken place yet – coupled with the instructional error that was set forth in my briefing, where there was error in not giving – limiting instructions, limiting admonitions on the use of the And there were – the instructions were deficient in informing the jury that any evidence presented regarding the gang case was not admissible and could not be considered for purposes of the robbery case. The – and also that the – Well, let – could I ask you about that? Sure. Because there were some multiple instructions about each crime is considered separately, and the jury is presumed to follow that. Are you saying that they needed to have a special limiting instruction on the gang in order to make this not unfair? Well, what happened was the Court, during the course of the trial, when the gang evidence was being introduced, represented to the jury that – I'm reading from page 6 of my reply brief. The trial court ruled the jury should not consider the gang – certain gang evidence relative to the robbery case, and that it would – there would be an admonition relating to that that would be provided. There never was an admonition provided to the jury relative to that issue, and the jury instructions that were provided to the jury, although they talked about indicate what particular evidence was – that could not be considered by the jury for purposes of the robbery case. I think most importantly, the fundamental unfairness is based on the fact that the robbery case was significantly weaker than the gang case, and that there was a jury is going to consider the spillover – in other words, the spillover effect from the gang case, even though they were not supposed to consider it relative to the robbery case, that there was a spillover effect based on the – not only the inherent prejudicial nature of gang evidence, but there were predicate crime offenses introduced, which – of a shooting of a particular person and a shooting of a mother, and there were also other – there was evidence introduced asserting that Mr. Martinez was either a gang associate or a gang member. There was evidence introduced of, quote, other crimes, evidence of Mr. Martinez engaging in a, quote, beatdown of another individual, and there was never any limiting instruction relating to that, and that clearly spilled over into the evaluation of the robbery case based upon the fact not only that typically gang evidence, as we know, is so prevalent nowadays that juries are going to feel that, well, if this individual was admittedly with the co-defendant two months before, it was a dispute between gang members, that there was a gun involved, there was a shooting by the co-defendant, and then two months later, the same individual, the co-defendant, Mr. Brown, is involved in a robbery case, that the jury is going to – I think a lay jury would have a significant tendency to throw up their hand and say, well, wait a minute, this guy's a gang member, this guy's – there was a gun involved in this prior case, that that would spill over to the sole defense in the robbery case, which was that Mr. Martinez was not even there, and that that would have a tendency to have the jury reach a – would affect the jury's determination of the identification issue of the suspect number two in the robbery case. Counsel, you're down to about two minutes. You may wish to reserve. Yeah, I think I would reserve for the comments, Your Honor. You may do so. Thank you. We'll hear from the other side, from the State. Thank you. Good morning. May it please the Court. Justin Riley on behalf of the Warden. The first issue, joinder, severance. The State court did not specifically mention anything about due process when it denied in its reasoned decision Petitioner's joinder and severance due process claim. That does not mean, however, that the State court ignored it or failed to resolve the issue. We know from Johnson v. Williams and Richter that there is a presumption in this case that the State court did resolve the issue. Petitioner may rebut that presumption, of course, but the only evidence that Petitioner points to to rebut his presumption is the State court's silence, which is not enough. And secondly, that the State court did not follow United States v. Lane and Zafiro, the Supreme Court cases on joinder and severance. But we know from Collins v. Runnels and Running Eagle, which are cited at ages 21 and 22 of the appellee's brief, that neither of those cases are binding on the State courts in any way. What do you make of the argument, I think it's in the reply brief, to the effect that Collins was not yet decided at the time that this went through the State appellate system, and therefore, you don't have the look-back to Lane not being established Federal law? With respect, the State courts do not need the Ninth Circuit's explanation of what is or is not binding precedent on them. They're well-equipped to do it on their own. When this Court in Collins v. Runnels decided that Lane and Zafiro were not binding precedent, the State court here could have done exactly that. But let's assume, for the sake of argument, that we're in an over-review. I assume that you probably would defend the decision on constitutional grounds not to sever anyway, right? I think I didn't understand the question. I said, assuming for the sake of argument that it's an over-review, I assume the State's position is that there was no constitutional error anyway, right? That's right. Whatever the constitutional error could be, it wasn't here. Why don't you run down to this? I mean, in your view, the evidence was cross-admissible, right? Not only my view. The State court of appeal declared it to be. And explain to me how you think all of it was cross-admissible, particularly the gang testimony. At the risk of sounding facetious, the State court of appeal declared it to be. That's a matter of California law. California law allowed for this evidence to be presented in both cases. We can't second-guess that here. Well, what's the basis of that? I mean, I saw one basis of California law that was cross-admissible because of identity, absence of mistake. Sure. And what else? The State court didn't explain it. I could just guess. And your guess would be? My guess would be a common designer plan, but basically all of the section 1100, 1101, 1102 type evidence from the California evidence code. And what about the relative strength of the two cases? Your opponent says that the robbery case was less strong than the other case. What's your response? One must view the relative strengths of the cases against what evidence would be presented at those cases. And because all evidence was cross-admissible, there almost is no way to meaningfully distinguish between the strengths of the cases. But the State court did recognize that they had a single eyewitness, victim eyewitness in each case. Mr. Martinez and his co-defendant, Mr. Brown, appeared in both crimes holding a handgun, one handgun between them, I think. And that was basically the evidence. The most damning of the evidence was the victim eyewitness. So even if the court was to address that de novo, and frankly, this Court has already addressed this claim de novo in the Brown case, which I cited as the statement of related cases, and found that the evidence here was easily compartmentalized is, I believe, how this Court described it, that the evidence from the crimes was distinct, and I'm imagining now that this Court's order denying relief in the Brown case was not lengthy, but there were no antagonistic defenses, no cross-finger pointing, anything like that. It was just evidence of one crime on one date and evidence of one crime on the other date. Anything further, Counsel? I don't, unless there are any other questions. No questions from the bench. Thank you. Mr. Irish, you have some reserve time. Thank you very much. Just briefly on the Richter issue, the Richter case. Counsel, don't be misled by the clock. It says 944, but you had about, as I recall, about two minutes, so. Can I add that on there? You don't have 11. We'll have that taken care of in just a moment. Make it two minutes, Deputy. Thank you. Go ahead. It's kind of like an NFL game. More like soccer. Yeah. On the Richter case, does the Richter case does say that you presume that the State Court adjudicated on the merits in the absence of any indication. To the contrary, I would contend that the State Court indicated the contrary in their express reliance on State court authority, statutory and case law. They didn't address expressly anything on the Federal due process claim. But if we get to the Federal due process claim under de novo review, if we, if the evidence is cross admissible and there are no antagonistic defenses, where are you? The robbery case was, I would disagree with counsel, was significantly weaker than the gang case. The victim in that case was a drug dealer who was selling to high school students and there was evidence that one of them overdosed. He admitted lying to the police. He filed a false police report. He was under the influence of marijuana at the time. And this, the robbery case was solely based on the victim, basically, ID of Mr. Martinez. There was no physical evidence connecting Mr. Martinez. The identification evidence, which was basically the only evidence connecting Mr. Martinez from the victim, was significantly suspect. It was tainted based on admitted marijuana use being hysterical, his emotional state. He indicated he had a limited opportunity to observe this suspect number two. He indicated that he didn't know the suspect number two, never met him, although he knew Mr. Brown. His description he gave of suspect number two to law enforcement initially was inconsistent with Mr. Martinez. The photo lineup that he purportedly identified Mr. Martinez, he expressed that he was unsure and indefinite in looking at the photos. He made prior statements that, quote, these black guys came in and jacked him and Mr. Martinez is Hispanic. And the victim didn't call the law enforcement until the next day, didn't report it until the next day. So the, I would contend that the extremely weak identification evidence that the relative to the sole evidence presented connecting Mr. Martinez with that offense. Thank you, Counsel. Thank you very much. The case just argued will be submitted for decision.
judges: O'scannlain, Thomas, McKeown